IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TARA MARINO,

    Plaintiff,

v.                                                             Civ. No. 01-0453   JP/JHG

WAL-MART STORES, INC.

    Defendant.

## MEMORANDUM OPINION AND ORDER

On February 11, 2002, Defendant Wal-Mart Stores, Inc. filed a Motion for Summary Judgment (Doc. No. 45). Within that motion Defendant argued that punitive damages were inappropriate under the circumstances presented here. At the time I entered the April 19, 2002, memorandum opinion and order discussing the merits of Plaintiff's underlying claims, I deferred ruling on the issue of punitive damages. Doc. No. 51 at 8. Having had the opportunity to considered the issue further, I will now deny Defendant's Motion for Summary Judgment on the issue of punitive damages.

In *Kolstad v. American Dental Association*, 527 U.S. 526, 536 (1999), the United States Supreme Court held that under appropriate circumstances an employer may become vicariously liable for punitive damages under Title VII. *Kolstad* allows a plaintiff to recover punitive damages by demonstrating that an individual intentionally discriminated against the plaintiff "in the face of a perceived risk that [his or her] actions will violate federal law." *Id*. (citing 42 U.S.C. 1981). Additionally, *Kolstad* adopted traditional concepts of agency to impute an individual's discriminatory acts to the employer. Thus, "where an employee serving in a managerial capacity committed the wrong while acting within the scope of employment," the employer can be held liable for punitive damage awards associated with the employee's discriminatory conduct. 526 U.S. at 542.

The Court recognized that, if not constrained, the standard for recovering punitive damages would discourage employers from training their employees about anti-discrimination practices under Title VII. To address the tension between an employer's need to educate its workforce about discriminatory practices under Title VII and the employer's desire to avoid punitive damages awards for an employee's intentional discrimination, the Court held that "in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good-faith efforts to comply with Title VII." 527 U.S. at 545 (internal quotation marks and citation omitted).

Applying the *Kolstad* standard, I conclude that Plaintiff has provided evidence that would allow a reasonable fact-finder to determine that Defendant's general manager, Holbrook, had the requisite "subjective consciousness of a risk of injury or illegality" that would support the "reckless indifference" prong of 42 U.S.C. § 1981a(b)(1). 527 U.S. at 535 (internal quotation and citation omitted). Plaintiff has shown that after Holbrook denied her employment, Plaintiff told one of Defendant's interviewers, Wright, that Wal-Mart would be hearing from her attorney. According to Plaintiff's version of the facts, Holbrook then hired a less qualified female to cover up his discriminatory hiring practice of failing to hire Plaintiff. If Plaintiff is correct, Holbrook's actions could demonstrate a perceived risk that his failure to hire Plaintiff violated federal law, and thus, punitive damages could be appropriate. Further, Holbrook's position as the general manager of the Los Lunas DC would make Wal-Mart liable for his actions. *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1247 (10th Cir. 1999) (holding that occupying position of managerial control with authority over personnel matters created the required agency relationship to award punitive damages).

Even so, under *Kolstad*, summary judgment on the issue of punitive damages would be appropriate if Defendant can show good faith compliance with Title VII. 526 U.S. at 546. Because Defendant has moved for summary judgment, Defendant bears the burden of demonstrating the absence of a genuine issue

2

of material fact.[1]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The only evidence Defendant offered on good faith compliance is an affidavit from Holbrook that he had received discrimination training from Wal-Mart.  However, under Tenth Circuit precedent "the extent to which an employer has adopted antidiscrimination policies and educated its employees about the requirements of the [policies] is important in deciding whether it is insulated from vicarious liability."  *EEOC*, 187 F.3d at 1248.  Thus, the mere fact that Holbrook alone received discrimination training fails to demonstrate the absence of a genuine issue of material fact.  *Id.*, 187 F.3d at 1249 (observing that the supervisor "had never discussed the [anti-discrimination policy] with any of the employees under her supervision").  In the absence of evidence addressing the extent to which Wal-Mart has adopted antidiscrimination policies and educated Wal-Mart employees about them, summary judgment on the issue of punitive damages is inappropriate.  The trial judge will decide whether Plaintiff qualifies for an award of punitive damages after the presentation of all the relevant evidence at trial.

       IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 45) is DENIED with regard to the issue of punitive damages.

                                        */s/ James A. Parker*
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] "It is unclear whether the good-faith compliance standard set out in Kolstad represents an affirmative defense on which defendant bears the burden of proof or whether the plaintiff must disprove the defendant's good-faith compliance with Title VII."  *Caneda v. The Pacesetter Corp.*, 224 F.3d 1203, 1209 n.4 (10th Cir. 2000).